UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY
COMPANY OF AMERICA,

   Plaintiff,

 -against-

ACCREDITED SURETY &
CASUALTY COMPANY, INC.

   Defendant.

<u>**MEMORANDUM AND ORDER**</u>

Case No. 21-CV-7189 (FB) (JRC)

*Appearances:*
*For the Plaintiff*:
LISA SZCZEPANSKI
Attorneys for Travelers Indemnity
Company of America
485 Lexington Ave., 6th Fl.
New York, NY 10017

*For the Defendant*:
EDWARD S. BENSON
Nicoletti Spinner Ryan Gulino Pinter LLP
555 Fifth Avenue, 8th Fl.
New York, NY 10017

**BLOCK, Senior District Judge:**

In this duty-to-defend insurance case, after the Court granted summary judgment to Plaintiff Travelers Indemnity Company of America ("Travelers"), Defendant Accredited Surety & Casualty Company, Inc. ("ASCC") moves for summary judgment. For the following reasons, ASCC's motion is denied.

## BACKGROUND

Familiarity with the facts is assumed. In short, in the Underlying Action, claimant Gerald Quinn ("Quinn") brought claims for negligence and violations of

1

the New York Labor Law against Topline Drywall, Inc. ("Topline"), New York City Housing Authority ("NYCHA"), and LIC 73 Owner, LLC ("LIC 73") for injuries Quinn suffered from falling from a ladder Topline owned at a NYCHA Project (the "Project").  Quinn was an employee of contractor Archstone Builders, LLC ("Archstone").

ASCC, the insurer for Topline, refused to tender a defense of NYCHA and LIC 73 in the Underlying Action, prompting Travelers, the insurer for Archstone, to seek an order declaring that ASCC owes a duty to defend.  On March 13, 2024, the Court granted Travelers' motion for summary judgment, finding that ASCC has a duty to defend NYCHA and LIC 73 as additional insureds based on the Complaint in the Underlying Action and the ASCC Insurance Policy.  *See Travelers Indem. Co. of Am. v. Accredited Sur. & Cas. Co., Inc.*, No. 21CV7189FBJRC, 2024 WL 1092681 (E.D.N.Y. Mar. 13, 2024).  ASCC seeks reconsideration.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) enables parties to timely file motions to alter or amend a judgment to "correct a clear error of law or prevent manifest injustice."  *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008).  Such motions must "request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the

judgment." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *id.*).  Local Rule 6.3 is similar, with both standards being "demanding," and the remedy to be used "sparingly." *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM)(ST), 2022 WL 9446910, at *1 (E.D.N.Y. Oct. 14, 2022).

ASCC's sole argument on reconsideration is that the Court overlooked language in the ASCC Policy limiting its duty to defend to injuries caused by Topline's acts or omissions in the performance of its "ongoing operations"; because Quinn's injury did not occur in the performance of Topline's "ongoing operations," ASCC argues, it has no duty to defend.

ASCC's argument misses the mark.  To return to first principles in duty-to-defend cases, the Court "compares the allegations of the complaint with the operative insurance policy." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 148 (2d Cir. 2004).  The duty to defend is "invoked whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be," *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 94–95 (2d Cir. 2018) (cleaned up), and exists unless "it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer will be obligated to

indemnify the insured." *Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 160 (2d Cir. 2003) (quoting *Frontier Ins. Co. v. State*, 87 N.Y.2d 864, 867 (1995)).

In the Underlying Complaint, Quinn alleges that he was injured by Topline's ladder, which was at the site because Topline was performing work at the subject premises. The gravamen of Quinn's theory is that Topline breached its duty of care by placing, and permitting to remain, a defective ladder on the worksite.

The ASCC Insurance Policy covers additional insureds

only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
    1. Your acts or omissions; or
    2. The acts or omissions of those acting on your behalf;
    in the performance of your ongoing operations for the
additional insured(s) at the location(s) designated above.

Thus, the question for the Court to resolve is whether the alleged injury was caused, in whole or in part, by Topline's acts or omissions in the performance of its ongoing operations at the subject premises. The answer is assuredly yes.

"The phrases 'ongoing operations,' 'arising out of,' and 'performed for' have been interpreted quite broadly under New York law." *622 Third Ave. Co., L.L.C. v. Nat'l Fire Ins. Co. of Hartford*, 646 F. Supp. 3d 466, 478 (S.D.N.Y. 2022) (citing *Wausau Underwriters Ins. Co. v. Cincinnati Ins. Co.*, 198 F. App'x 148, 150 (2d Cir. 2006)). It is generally enough to satisfy the "ongoing operations" language that "the operations at the covered location have a connection with the accident and its situs." *Id.* at 479.

The allegations clearly satisfy this causal link between Topline's ongoing operations and the injury: the ladder that injured Quinn was there as part of Topline's ongoing operations to perform rough carpentry/drywall work.  Try as it may, ASCC cannot explain how a Topline ladder appeared on the subject premises that was *not part* of Topline's ongoing operations.  To the extent there is an ambiguity — and the Court believes there is none in this straightforward interpretation of contract language — the Court must resolve any doubt as to whether the allegations state a claim within the coverage of the ASCC policy "in favor of the insured and against the carrier."  *Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 323-24 (S.D.N.Y. 2020).  Accordingly, ASCC fails to meet its burden "to establish that an exclusion under an insurance policy applies."  *Liberty Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 11 CIV. 9357 ALC KNF, 2014 WL 1303595, at *4 (S.D.N.Y. Mar. 28, 2014).

## CONCLUSION

For the foregoing reasons, ASCC's motion for reconsideration is DENIED.

**SO ORDERED.**

 _/S/ Frederic Block_____
 FREDERIC BLOCK
 Senior United States District Judge

Brooklyn, New York
June 27, 2024

5